## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| **CEED CIVIL ENGINEERING LLC,** | ) | |
| **278 Cedar Lane, Suite 4017** | ) | |
| **Vienna, Virginia 22180** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: _____** |
| **SSS Design Engineers, LLC** | ) | |
| **Steven Armendarez Ryan, Registered Agent** | ) | **Jury Trial Demanded** |
| **8217 Albacore Drive** | ) | |
| **Houston, Texas 77074** | ) | |
| | ) | |
| **STEVEN RYAN** | ) | |
| **8217 Albacore Drive** | ) | |
| **Houston, Texas 77074** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Ceed Civil Engineering LLC ("Ceed" or "Plaintiff") brings its complaint for willful violation of the Digital Millennium Copyright Act (DMCA), and willful copyright infringement against Defendants SSS Design Engineers, LLC ("SSS Design") and Steven Ryan, P.E. (collectively, "Defendants") and states as follows:

### INTRODUCTION

1.    Ceed brings its complaint against the Defendants for intentional violation of the Digital Millennium Copyright Act (DMCA) along with multiple counts of willful copyright infringement. This action arises from Defendants' unauthorized copying, use, and certification of Ceed's copyrighted architectural and technical drawings, the removal and alteration of copyright

management information, and the misattribution of authorship, wrongfully presenting Ceed's work as their own in commercial dealings with clients, contractors, and public agencies.

## PARTIES

2.    Plaintiff Ceed is a District of Columbia limited liability company with its principal place of business at 4301 50th Street, N.W. Suite 300, Washington, D.C. 20016.  Plaintiff has an address of  278 Lane, Suite 4017, Vienna, Virginia 22180.

3.    Ceed is a civil and structural engineering firm that develops technical and architectural drawings and related engineering works for clients.

4.    Mr. Ryan Hoover founded Ceed on February 13, 2021, and has been continuously employed by Ceed since then. Mr. Hoover is the managing member and sole member of Ceed.

5.    Defendant SSS Design is a Texas limited liability company with its principal place of business located at 16015 E Harbour Bend Lane, Houston, Texas 77044-5692.

6.    The registered agent for SSS Design is Steven Ryan, P.E., whose registered office is located at 16015 E Harbour Bend Lane, Houston, Texas 77044-5692.

7.    Defendant Steven Ryan, P.E., is an individual residing at 16015 E Harbour Bend Lane, Houston, Texas 77044-5692. Defendant Steven Ryan, P.E. is the owner of SSS Design.

8.    Defendant Steven Ryan, P.E., is an individual professionally licensed in the state of Virginia to offer and perform services for Virginia residents.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1331 because the copyright infringement claims involve federal questions arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

00108315                                              2

10.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this District, including the receipt and review in Vienna, Virginia of the infringing transmissions and the harassing calls/emails directed into Plaintiff's Virginia office, and because Plaintiff's resulting business injury was suffered in Virginia. Venue for the federal copyright and DMCA claims is also proper in this District under 28 U.S.C. § 1400(a) because each Defendant "may be found" here—i.e., is subject to personal jurisdiction in this District.

11.     Defendants purposefully directed suit-related conduct at the Commonwealth of Virginia. In addition to transmitting infringing copies and derivatives of Ceed's drawings to Ceed's Vienna, Virginia office, Defendant Steven Ryan, P.E., placed multiple late-night calls to Ceed's Virginia phone numbers and left a voicemail expressly discussing A-frame projects and whether Ceed would "work on those," i.e., a business solicitation directed to a Virginia engineering firm. In the same voicemail and subsequent communications, Defendant committed intentional tortious acts aimed at Ceed's personnel in Virginia, including harassment and disparagement tied to the disputed drawings and Engineer-of-Record services. These Virginia-aimed acts satisfy Virginia's long-arm statute, including Va. Code § 8.01-328.1(A)(1), (A)(3), and (A)(4), and § 8.01-328.1(B), which recognizes that using a computer or computer network located in Virginia constitutes an act in Virginia. Exercising jurisdiction comports with due process because Defendants' contacts with Virginia are not random or fortuitous: they (i) transmitted the infringing materials into Virginia; (ii) solicited Virginia engineering work; (iii) hold and use a Virginia P.E. license to market availability in this forum; and (iv) knew the brunt of the injury to Ceed would be felt at its headquarters in Vienna, Virginia. Venue is proper under 28 U.S.C. § 1391(b)(2) (a substantial part

of the events occurred here) and, for the copyright/DMCA counts, 28 U.S.C. § 1400(a) because Defendants "may be found" here (i.e., are subject to personal jurisdiction in this District).

12.     This solicitation concerned the very subject matter of this lawsuit (A-frame engineering and drawings), further linking Defendants' Virginia-directed conduct to the claims asserted.

## JURISDICTION PROPER OVER SSS DESIGN

13.     Upon information and belief, Defendant SSS Design transacts business in the Commonwealth of Virginia.

14.     Upon information and belief, Defendant SSS Design contracts to supply services or things in the Commonwealth of Virginia.

15.     Defendant SSS Design is subject to personal jurisdiction in this district under Va. Code § 8.01-328.1(A): (1) transacting any business in this Commonwealth; (2) contracting to supply services or things in this Commonwealth; (3) causing tortious injury by an act or omission in this Commonwealth; or (4) causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if it regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.

16.     Defendant SSS Design caused and continues to cause tortious injury to Plaintiff by acts or omissions of its officers and directors towards Plaintiff as alleged herein.

17.     Upon information and belief, Defendant SSS Design caused and continues to cause tortious injury in the Commonwealth of Virginia to Plaintiff by acts or omissions by its officers and directors committed outside the Commonwealth of Virginia, while Defendant SSS Design

derives substantial revenue from services rendered by Plaintiff performed in the Commonwealth of Virginia.

18.    Defendant SSS Design is subject to personal jurisdiction in this district because it regularly conducts business in this jurisdiction, has purposefully availed itself of the privileges of doing business within the Commonwealth of Virginia, and has engaged in conduct giving rise to the claims asserted herein.

19.    Defendant SSS Design is likewise subject to specific jurisdiction in Virginia. Acting by and through its owner/agent Steven Ryan, P.E., SSS Design directed the same Virginia-aimed communications and transmissions identified herein, benefited from, and ratified those acts, which concern the copying, transmission, and use of Plaintiff's works and the harassment directed at Plaintiff's Virginia office. Plaintiff's claims arise out of and relate to these contacts. Jurisdiction is proper under Va. Code § 8.01-328.1(A)(1), (A)(3), and (A)(4) and consistent with due process.

## JURISDICTION PROPER OVER STEVEN RYAN, P.E.

20.    Defendant Steven Ryan, P.E. is subject to personal jurisdiction in this Judicial District under Va. Code 8.01-328.1(A): (3) causing tortious injury by an act or omission in this Commonwealth; or (4) causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.

21.    Defendant Steven Ryan, P.E. caused and continues to cause tortious injury to Plaintiff by acts or omissions towards Plaintiff as alleged herein.

22.    Upon information and belief, Defendant Steven Ryan, P.E. caused and continues to cause tortious injury in the Commonwealth of Virginia to Plaintiff by acts or omissions committed

00108315                                              5

outside the Commonwealth of Virginia, while deriving substantial revenue from services rendered by Plaintiff performed in the Commonwealth of Virginia.

23.     Defendant Steven Ryan, P.E. is subject to personal jurisdiction in this district because he has engaged in conduct giving rise to the claims asserted herein.

24.     Defendant Steven Ryan, P.E., purposefully directed suit-related conduct at the Commonwealth of Virginia. Steven Ryan, P.E. (i) transmitted infringing copies and/or derivatives of Plaintiff's copyrighted drawings via email to Plaintiff's Vienna, Virginia office, where they were received and opened; and (ii) placed harassing, homophobic, and business-related calls and emails into Virginia concerning the subject drawings and Engineer-of-Record services alleged herein. Steven Ryan, P.E. holds a Virginia Professional Engineer license (license number 0402061698; Initial Certification Date 2019-12-17; Expiration Date 2025-12-31), publicly holding himself out as available to perform engineering services in Virginia and regularly soliciting Virginia work. Plaintiff's claims arise out of and relate to these Virginia-directed contacts, and Steven Ryan, P.E. could reasonably anticipate being hauled into court in Virginia.

25.     Specific jurisdiction is therefore proper under Va. Code § 8.01-328.1(A)(3) (causing tortious injury by an act in Virginia) and (A)(4) (causing tortious injury in Virginia by an out-of-state act while regularly doing or soliciting business in Virginia). Further, Va. Code § 8.01-328.1(B) recognizes that using a computer or computer network located in Virginia constitutes an act in Virginia; Steven Ryan's transmissions into Plaintiff's Vienna, Virginia office satisfy this provision.

**FACTUAL BACKGROUND: THE CEED COPYRIGHTS**

26.     The Ceed technical drawings and architectural works ("Ceed Copyrighted Material") are protected by seven registered copyrights (the "Ceed Copyrights") as described below.

27.     Plaintiff is the sole author, creator, and owner of certain technical drawings for version 1 of an A-Frame design project called Vista 1.

28.     Plaintiff is also the sole author, creator, and owner of certain technical drawings for version 2 of the aforementioned A-Frame design project called Vista 1.

29.     Plaintiff is also the sole author, creator, and owner of certain technical drawings for version 1 of another A-Frame design project called Vista 2.

30.     Plaintiff is also the sole author, creator, and owner of certain technical drawings for version 2 of the aforementioned Vista 2 A-Frame design project.

31.     Plaintiff is also the sole author, creator, and owner of certain technical drawings for version 1 of another A-Frame design project called Vista 2 Plus.

32.     Plaintiff is also the sole author, creator, and owner of certain technical drawings for version 2 of the aforementioned Vista 2 Plus A-Frame design project.

33.     Plaintiff is the sole author, creator, and owner of certain architectural drawings for the aforementioned A-Frame design project called Vista 1.

34.     Plaintiff is the sole author, creator, and owner of certain architectural drawings for the aforementioned A-Frame design project called Vista 2.

35.     Plaintiff is the sole author, creator, and owner of certain architectural drawings for the aforementioned A-Frame design project called Vista 2 Plus.

36.    Plaintiff applied for and received a copyright registration VAu 1-555-891 for the aforementioned Vista 1, version 2, technical drawings entitled Vista 1 – 2024 on June 2, 2025. See Exhibit A1.

37.    Plaintiff applied for and received a copyright registration VAu 1-556-772 for Technical Drawings entitled "Vista 1 plans and 8 Other Unpublished Works," which included the three Versions 1 of Vista 1 plans, Vista 2 Plans, Vista 2 Plus plans, and other designs on May 31, 2025. See Exhibit A2.

38.    Plaintiff received a copyright registration VAu 1-555-889 for version 2 of technical drawing entitled "Vista 2 – 2024" on June 2, 2025. See Exhibit A3.

39.    Plaintiff received a copyright registration VAu 1-555-609 for version  2 of technical drawing entitled "Vista 2 Plus – 2024" on May 31, 2025. See Exhibit A4.

40.    Plaintiff received a copyright registration VAu 1-556-780 for an architectural work entitled "Vista 1 – 2024 v2" on June 6, 2025. See Exhibit A5.

41.    Plaintiff received a copyright registration VAu 1-556-775 for an architectural work entitled "Vista 2 – 2024 V2" on June 6, 2025. See Exhibit A6.

42.    Plaintiff received a copyright registration VAu 1-556-776 for an architectural work entitled "Vista 2 Plus – 2024 v2" on June 6, 2025. See Exhibit A7.

## FACTUAL BACKGROUND:
### Virginia-Directed Contacts

43.    On May 29, 2025 Defendant Steven Ryan, P.E. sent an email to Ceed in Virginia at 2:17 PM EST via "stevenryan9509@yahoo.com" via Ceed's email address "contact@ceedcivil.com" with the subject "Fw: 0 Pine Shadows Drive, Point Blank, Texas – Drawings" in which email Steven Ryan, P.E. transmitted a PDF file named "0 PINE SHADOWS

DRIVE LOT 22_DRAWINGS_20240803.pdf" containing copies and/or derivatives of Plaintiff's copyrighted drawings.

44.    The next morning, on May 30, 2025 Steven Ryan P.E. sent two additional emails to Ceed in which Steven Ryan P.E. transmitted additional information pertaining to the May 29, 2025 email.

45.    On June 25, 2025 Steven Ryan P.E. sent another email stating in unsubtle terms that he was in receipt of the Cease and Desist letter that was sent by Plaintiff.

46.    On June 29, 2025, at 1:03 AM EST until 1:27 AM EST, Defendant called Plaintiff's Vienna, Virginia office at 202-539-0014 and main number 800-622-4019 and left four offensive voicemails relating to Plaintiff, the drawings at issue, and/or Plaintiff's assertion of rights aimed at disrupting and intimidating Plaintiff.

47.    On June 29, 2025, at 1:03 AM EST until 1:27 AM EST, Defendant emailed Plaintiff's Vienna, Virginia office via contact@ceedcivil.com containing offensive and abusive statements aimed at Ceed Civil Engineering and related to the subject drawings and dispute.

48.    In June 2025, Steven Ryan's 11 emails and 4 calls were directed to Plaintiff's Vienna, Virginia office concerning the copied drawings, the Engineer-of-Record services alleged herein, and/or to harass or intimidate Plaintiff's Virginia staff. Plaintiff received and reviewed those transmissions in Virginia on Plaintiff's Virginia-based systems.

49.    On June 29, 2025 at 1:25 a.m. EST, Steven Ryan called Ceed's Virginia numbers 202-539-0014 and left a voicemail directed to Ceed in Vienna, Virginia, stating in substance: "…I have A-frame projects that are manufactured… Would you be willing to work on those? … you would like be like, you know, illegally copyrighting them… your main engineer is a [a homophobic slur]… you are such a loser… you should do them… call me back..."

50.     The voicemail expressly solicited engineering work 'A-frame projects' and simultaneously contained targeted harassment tied to the disputed drawings and services, all aimed at Ceed's Virginia office.

51.      Steven Ryan's calls and voicemail were part of a pattern of Virginia-directed communications in May–June 2025, including repeated emails and transmissions of the disputed drawings into Virginia. Ceed received and reviewed those transmissions in Vienna, Virginia, and suffered business injury in this District.

### VIRGINIA LOCUS OF OPERATIONS AND HARM

52.     Plaintiff maintains offices in Vienna, Virginia. Development, review, storage, and decision-making for the drawings at issue occurred in Virginia on Plaintiff's Virginia-based systems. The business injuries alleged, including lost license fees, diversion of work, investigation/enforcement time, and reputational harm, were sustained in Virginia and continue to be felt in this District.

### BACKGROUND ON FUSION AND USE OF CEED'S TECHNICAL AND ARCHITECTURAL DRAWINGS

53.     Hoover, Owner of Ceed Civil Engineering, entered into a contract with Fusion Building Systems (Fusion) to develop sets of engineered technical and architectural permit drawings on a single-use contract term.

54.     Ceed provided this service starting on November 21, 2023, to develop a drawing set entitled "Vista 2." Fusion then requested the services of Ceed to develop a new technical and architectural set entitled "Vista 1" on March 8, 2024.

55.     Fusion then requested the services of Ceed to develop a technical and architectural set entitled "Vista 2 Plus" on March 27, 2024.

56.     Throughout 2024, these technical drawings were improved to their final state to be entitled Version 2 of the aforementioned drawings.

57.     Throughout 2024, Fusion purchased the single-use rights as per the contract terms on twenty separate occasions. On occasion, some of the base technical and architectural drawings were modified to accommodate local building requirements or those of the client.

58.     On November 14, 2024, Fusion ceased purchasing the single-use drawings from Ceed without explanation.

**RELATIONSHIP BETWEEN PLAINTIFF, DEFENDANT SSS DESIGN, AND DEFENDANT STEVEN RYAN, P.E.**

59.     On May 29, 2025, Mr. Hoover, Owner of Ceed Civil Engineering, received an email from Chris Moran of Fusion Building Systems via his personal Gmail account. The email indicated Fusion wanted modifications to a technical and architectural drawing set as requested by a city permit office in order to obtain permission to build this structure located in New York State.

60.     Hoover requested a virtual meeting with Chris Moran of Fusion to inquire more on the specifics of this project.

61.     On May 29, 2025, a virtual video meeting was held between Hoover and Chris Moran of Fusion Building Systems.

62.     Chris Moran of Fusion Building Systems presented the architectural and technical drawings for the New York State project, and upon Hoover's request, Chris Moran emailed a PDF copy of the drawings directly to Hoover. See Exhibit B which shows a side by side comparison of the two sets of plans.

63.     Hoover noticed at first glance that the architectural and technical drawings were identical to Ceed's own technical and architectural drawings.

64.     While on the call, Hoover pointed out that the architectural and technical drawings were copies of his work.  Hoover noted several specific giveaways, including that the copyright notice on every page had been removed along with Ceed's company information.

65.     As the conversation continued, Hoover made it clear that Fusion (and its agents) could not use those drawings because Ceed owned the copyrights in them.

66.     Hoover observed during the video call that the Engineer of Record (EOR) who certified and stamped the drawings was named Steven Ryan, P.E., and his business, SSS Design Engineers, LLC, was shown on the document. The call ended.

67.     On May 29, 2025, Hoover called Steven Ryan, P.E., because Steven Ryan P.E.'s name and company (SSS Design Engineers, LLC) appeared on the drawings as the Engineer of Record.

68.     Hoover asked Steven Ryan, P.E. if he worked with '7-Day A-Frames' (Fusion), and P.E Steven Ryan, P.E.  confirmed that he did.

69.     Hoover then asked about the drawings for the project at 4854 NY 64th., Steven Ryan, P.E. replied, 'It looks like that's one of my projects.'

70.     Hoover asked Steven Ryan, P.E. where he got the Revit file (the original design file for the drawings). Steven Ryan, P.E. replied that he "created it."

71.     Hoover pressed further, asking if Steven Ryan, P.E. created it "from scratch."

72.     Steven Ryan, P.E. responded, "Yeah, one of my drafters did."

73.     Steven Ryan, P.E. asked Hoover if Ceed created the drawings for the New York project.

74.     Hoover responded that Ceed has not created those architectural or technical drawings.

00108315                                    12

75.     Steven Ryan, P.E. stated that if Ceed did not work on a project in New York, then the drawings in question could not be Ceed's drawings.

76.     Later in the conversation, Steven Ryan, P.E. indicated that "drafters tend to create drawings that look good… you know how the engineering world works," while dismissing the alleged copying of the technical and architectural drawings.

77.     Later in the call, Steven Ryan, P.E. stated, "I paid a drafter from scratch to create [these] drawings."

78.     Again, later, Steven Ryan, P.E. stated, "A drafter from India that I paid a lot of money for to draft up [the technical drawings]."

79.     Despite Steven Ryan, P.E.'s repeated denials that the drawings were copied from Ceed's work, Hoover asked Steven Ryan, P.E. to check and read note number 31 on page S1 of the drawings in question. Upon reviewing that note, Steven Ryan, P.E. acknowledged that it still contained the words "Ceed Civil Engineering," stating, "I finally got [the drawings] pulled up, and it says, yeah, Ceed Engineer."

80.     Steven Ryan, P.E. stated, "If I thought for one second that I'm violating any kind of ethical or moral compass or anything like that, I mean, I'm on the board of Arizona where I review cases and give determinations on engineers, complaints against engineers. So, I mean, if I thought for a second that I was doing anything wrong or anything that violated you and your company, I wouldn't be doing it."

81.     Steven Ryan, P.E. insisted that he had been under the impression that Fusion owned the drawings, or at least that this was what he understood to be the case.

82. Later in the call, Hoover asked who had provided those original architectural and technical drawings. Steven Ryan, P.E. disclosed that he received the first set of drawings from a person named Douglas Veaux.

83. Hoover asked Steven Ryan, P.E. if he could send the original file he received from Douglas Veaux, Steven Ryan, P.E. agreed and later forwarded the whole email chain and PDF attachments of the architectural and technical drawings Steven Ryan, P.E. was later hired to accept and certify.

84. The file name and plan location were for a build at 0 Pine Shadows Drive, Lot 22, Point Blank, TX 77364 dated July 6, 2024.

85. In the email and PDF file Steven Ryan, P.E. provided, it was evident that the copyright warning and Ceed's company logo had been removed. See Exhibit B, which details multiple instances in which the Ceed logo has been removed and other examples of copying. It appeared that only a very minor modification (derivative copies) had been made to the original architectural and technical drawing file.

86. In the same PDF file provided by Steven Ryan, P.E. the Copyright Management Information had been removed in multiple places. On the side of the page with the company logo, running vertically is the CMI, which states: "THE DOCUMENTS, IDEAS, AND DESIGNS INCORPORATED HEREIN, AS AN INSTRUMENT OF PROFESSIONAL SERVICE IS THE PROPERTY OF "CEED CIVIL ENGINEERING, LLC" . AND IS NOT TO BE USED IN WHOLE OR PART FOR ANY OTHER PROJECT WITHOUT THE WRITTEN PERMISSION OF CEED CIVIL ENGINEERING, LLC"

87. Steven Ryan, P.E. later stated in the call, "So, literally, I've been doing this for them one to two a month this year."

88.     Hoover disputed that figure, asserting that the actual number of times Ceed's architectural and technical drawings were used was higher than what Steven Ryan, P.E. had described.

89.     Steven Ryan, P.E., during the same call, indicated that he was developing derivative drawings based on Ceed's work product. Steven Ryan, P.E. stated, "There are two new floor plans. I have a mini one, and there's one with a full-on staircase in it."

90.     Upon information and belief, Ceed alleges that its technical and architectural drawings were being shared and used without authorization, as evidenced by the information provided by Steven Ryan, P.E.

91.     Upon information and belief, Ceed contends that Defendants infringed at least the '609 Copyright (Technical Drawings for Vista 2 Plus) and the '776 Copyright (Architectural Work for Vista 2 Plus).

92.     Exhibit B details multiple instances of copying of grammatical and spelling errors along with copying the note with Ceed's name in note 31.

93.     Upon asking Steven Ryan, P.E. for more information pertaining to other projects or correspondence with Fusion, however, Steven Ryan, P.E. refused.

94.     In Steven Ryan, P.E.'s final email, he stated that he would cease and desist from using any of Ceed's drawings.

95.     Direct Communication with all parties ceased after this email exchange with Steven Ryan, P.E.

96.     The email provided by Steven Ryan, P.E. from Douglas Veaux dated August 3, 2024, states they will be doing 4 lots like this. Douglas appears to be the owner of these lots.

97.     Upon information and belief, based on Defendants' own statements (including Steven Ryan, P.E.'s admissions and emails), approximately twelve projects between January 1, 2025 and June 1, 2025 involved the use of Ceed's technical and architectural drawings (assuming a rate of about two sets of drawings per month).

98.     Upon information and belief, based on the August 3, 2024 email (which mentioned doing four lots of this kind) and assuming an average of three to four projects per month over the next five months, Plaintiff believes that approximately twenty projects or more were completed between August 3, 2024, and December 31, 2024, using Ceed's copyrighted architectural and technical drawings and or derivatives of Ceed's copyrighted architectural and technical drawings.

99.     Upon information and belief, approximately thirty-two or more sets of its technical and architectural drawings have been copied without authorization by the Defendants.

100.    Plaintiff's most recent bills for similar project are about $8000 for each of the type of plans that Defendants copied.

**INFRINGEMENT BY DEFENDANTS**

101.    Upon information and belief, Defendant Steven Ryan, P.E., in his individual capacity, has willfully and knowingly copied at least one of the works protected by the Ceed Copyrights, and Steven Ryan, P.E. has reproduced those protected works as many as thirty-two times.

102.    Upon information and belief, Defendant SSS Design has deliberately, willfully and knowingly copied at least one of the works protected by the Ceed Copyrights and has reproduced those works up to thirty-two times with knowledge that the drawings were based on Ceed's copyrighted works and without any license or authorization from Ceed.

103.    Under the Copyright Act, Ceed is entitled to actual damages, enhanced statutory damages for willful infringement where available, injunctive relief, and disgorgement of all profits derived from the unauthorized use of Ceed Copyrighted Material.

104.    Plaintiff Ceed has suffered a loss of $8000 per set of plans copied by Defendants.

105.    Plaintiff Ceed has not authorized the use of its Ceed Copyrights by Fusion, SSS Design Engineers, or any of the Defendants.

106.    Defendants have no rights in the Ceed Copyrights.

107.    Defendants have infringed Plaintiff's Copyrights.

108.    The Ceed Copyright material has significant value to Ceed, as it provides the company with a competitive advantage over its rivals.

109.    Ceed seeks actual damages of at least $256,000 for copying the 32 plans.

**COUNT I**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA)**

110.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

111.    Plaintiff's technical and architectural drawings included a Copyright Notice (termed "Copyright Management Information" (CMI) in the Digital Millennium Copyright Act (DMCA)) indicating that the copyright in the drawings was owned by Plaintiff. Defendants accepted or used drawings from which the copyright notice had been removed, and to have done so knowingly, with awareness that the drawings originated with Ceed and that Ceed's copyright management information had been stripped out.

112.    Intentionally removing a copyright notice is a violation of the DMCA, in particular 17 U.S.C. § 1202(b), and knowingly using or distributing works from which CMI has been removed or altered likewise violates 17 U.S.C. § 1202(b).

113.    Defendants, without authorization, knowingly accepted and knowingly used drawings from which Plaintiff's CMI had been removed, or caused CMI to be removed or altered, and did so knowingly and intentionally, under circumstances where they knew or had reasonable grounds to know that such removal or alteration would conceal Plaintiff's authorship and facilitate downstream copying, distribution, and use of the drawings without proper licensing.

114.    To the extent CMI was absent from drawings Defendants received, Defendants consciously disregarded obvious indicators of Ceed's authorship – including references to "Ceed Civil Engineering" in the notes – and nonetheless adopted, used, altered, and transmitted those drawings as their own work product, rather than verifying authorship and provenance before using or forwarding those drawings.

115.    Upon information and belief, after receiving and/or creating drawings from which Ceed's CMI had been removed or altered, Defendants further transmitted, distributed, or otherwise communicated those drawings to Fusion, Fusion's customers (including property owners such as Douglas Veaux), municipal permit offices, and contractors in multiple states. Each such distribution of copies of Ceed's works with CMI removed or altered constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

116.    As a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202(b), Plaintiff is entitled to damages in an amount to be proven at trial, but at least $1,000,000 (reflecting, among other things, the value of multiple unauthorized uses of Plaintiff's works and the business injuries arising from Defendants' DMCA violations).

117.    Plaintiff is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 1203(c)(2) but not included in Plaintiff's actual damages.

118.    Plaintiff further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b)(5) and otherwise according to law, which will be proved at trial or subsequently in the usual course.

119.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

120.    Plaintiff is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights.

121.    Under 17 U.S.C. § 1203(b)(1), Plaintiff seeks and is entitled to preliminary injunctive relief pending trial as the injury that Plaintiff will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

122.    Plaintiff seeks and is entitled to permanent injunctive relief to restrain and enjoin Defendants' continued infringing conduct.

123.    Under the DMCA, Plaintiff seeks and is entitled to statutory damages under 17 U.S.C. § 1203(c)(3) up to $25,000 per violation, as an alternative election before trial to actual damages.

124.    Under the DMCA, Plaintiff seeks and is entitled to reasonable attorneys' fees under 17 U.S.C. § 1203(b)(5).

125.    Under the DMCA, Plaintiff seeks and is entitled to costs under 17 U.S.C. § 1203(b)(4).

**COUNT II**
**Copyright Infringement**
**Vista 1, Version 1 Technical Drawings**
**('772 Copyright)**

126.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

127.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 1, Version 1 technical drawings covered by the '772 Copyright without authorization from Ceed.

128.    Defendants thereby infringed Ceed's '772 Copyright in violation of 17 U.S.C. §§ 106 and 501.

129.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '772 Copyright.

130.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

131.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

132.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

133.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

134.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '772 Copyright.

135.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

136.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2) up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '772 Copyright

**COUNT III**
**Copyright Infringement**
**Vista 1, Version 2 Technical Drawings**
**('891 Copyright)**

137.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

138.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 1, Version 2 technical drawings covered by the '891 Copyright without authorization from Ceed.

139.    Defendants thereby infringed Ceed's '891 Copyright in violation of 17 U.S.C. §§ 106 and 501.

140.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '891 Copyright.

141.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

142.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

143.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

144.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

145.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '891 Copyright.

146.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

147.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2) up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '891 Copyright.

**COUNT IV**
**Copyright Infringement**
**Vista 2, Version 1 Technical Drawings**
**('772 Copyright)**

148.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

149.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2, Version 1 technical drawings covered by the '772 Copyright without authorization from Ceed.

150.    Defendants thereby infringed Ceed's '772 Copyright in violation of 17 U.S.C. §§ 106 and 501.

151.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '772 Copyright.

152.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

153.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

154.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

155.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

156.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '772 Copyright.

157.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

158.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2)  up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '772 Copyright

**COUNT V**
**Copyright Infringement**
**Vista 2, Version 2 Technical Drawings**
**('889 Copyright)**

159.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

160.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2, Version 2 technical drawings covered by the '889 Copyright without authorization from Ceed.

161.    Defendants thereby infringed Ceed's '889 Copyright in violation of 17 U.S.C. §§ 106 and 501.

162.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '889 Copyright.

163.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

164.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

165.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

166.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

167.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '889 Copyright.

168.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

169.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2)  up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '889 Copyright.

### COUNT VI
### Copyright Infringement
### Vista 2 Plus, Version 1 Technical Drawings
### ('772 Copyright)

170.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

171.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2 Plus, Version 1 technical drawings covered by the '772 Copyright without authorization from Ceed.

172.    Defendants thereby infringed Ceed's '772 Copyright in violation of 17 U.S.C. §§ 106 and 501.

173.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '772 Copyright.

174.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

175.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

176.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

177.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

178.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '772 Copyright.

179.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

180.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2)  up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed),

together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '772 Copyright

**COUNT VII**
**Copyright Infringement**
**Vista 2 Plus, Version 2 Technical Drawings**
**('609 Copyright)**

181.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

182.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2 Plus, Version 2 technical drawings covered by the '609 Copyright without authorization from Ceed.

183.    Defendants thereby infringed Ceed's '609 Copyright in violation of 17 U.S.C. §§ 106 and 501.

184.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '609 Copyright.

185.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

186.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

187.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

188.     As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

189.     Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '609 Copyright.

190.     Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

191.     Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2) up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '609 Copyright.

## COUNT VIII
### Copyright Infringement
### Vista 1 Architectural Drawings
### ('780 Copyright)

192.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

193.     Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 1 architectural drawings covered by the '780 Copyright without authorization from Ceed.

194.     Defendants thereby infringed Ceed's '780 Copyright in violation of 17 U.S.C. §§ 106 and 501.

195.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '780 Copyright.

196.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

197.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

198.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

199.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

200.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '780 Copyright.

201.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

202.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2)  up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '780 Copyright.

**COUNT IX**
**Copyright Infringement**
**Vista 2 Architectural Drawings**
**('775 Copyright)**

203.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

204.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2 architectural drawings covered by the '775 Copyright without authorization from Ceed.

205.    Defendants thereby infringed Ceed's '775 Copyright in violation of 17 U.S.C. §§ 106 and 501.

206.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '775 Copyright.

207.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

208.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

209.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

210.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

211.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '775 Copyright.

212.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

213.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2) up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '775 Copyright.

**COUNT X**
**Copyright Infringement**
**Vista 2 Plus Architectural Drawings**
**('776 Copyright)**

214.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

215.    Upon information and belief, Defendants willfully and knowingly copied, prepared derivative works from, and/or distributed various versions of the Vista 2 Plus architectural drawings covered by the '776 Copyright without authorization from Ceed.

216.    Defendants thereby infringed Ceed's '776 Copyright in violation of 17 U.S.C. §§ 106 and 501.

217.    Defendants lacked any license, assignment, or other authorization from Ceed to reproduce, adapt, prepare derivative works from, or distribute the works covered by the '776 Copyright.

00108315                                   31

218.    As a direct and proximate result of said infringement by Defendants, Ceed has suffered damages in an amount to be proven at trial, but at least $1,000,000.

219.    Ceed is also entitled to disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

220.    Ceed further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law, which will be proved at trial or subsequently in the usual course.

221.    As a direct and proximate result of the foregoing acts and conduct, Ceed has sustained and will continue to sustain substantial injury, for which there is no adequate remedy at law.

222.    Ceed is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendants will continue to infringe Ceed's rights in the '776 Copyright.

223.    Ceed seeks and is entitled to preliminary injunctive relief pending trial as the injury that Ceed will suffer pending trial will be substantial, immediate, and irreparable for which there is no adequate remedy at law.

224.    Under the Copyright Act, Ceed is entitled, in the alternative, to elect statutory damages under 17 U.S.C. § 504(c)(1) and, where willful infringement is proven, 504(c)(2)  up to $150,000 per work in the case of willful infringement (or not less than $750 per work infringed), together with attorneys' fees and costs in the Court's discretion, and disgorgement of profits derived from the unauthorized use of materials covered by the '776 Copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.  With regard to Count I for Violation of the DMCA:

    a.  Entry of judgment in favor of Ceed Civil Engineering LLC against each of the Defendants, jointly and severally;

    b.  Actual damages in an amount to be proven at trial, but at least $1,000,000;

    c.  Disgorgement of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 1203(c)(2) but not included in Plaintiff's actual damages;

    d.  Reasonable Attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b)(5);

    e.  In the alternative, statutory damages under 17 U.S.C. § 1203(c)(3) up to $25,000 per violation as an alternative election before trial to actual damages;

    f.  Costs under 17 U.S.C. § 1203(b)(4);

    g.  Any other damages permitted under the DMCA;

    h.  Prejudgment and post-judgment interest at the maximum rates permitted under the law; and

    i.  All such further and additional relief, in law or equity, to which Ceed may be entitled or which the Court deems just and proper.

2.  With regard to Counts II–XI for Copyright Infringement, for each of the nine instances of Copyrights Infringement at issue:

    a.  Entry of judgment in favor of Ceed Civil Engineering LLC against Defendants, jointly and severally;

b.  An order awarding Ceed its actual damages resulting from Defendants, jointly and severally, for copyright infringement, in an amount to be proven at trial but not less than $1,000,000;

c.  An order awarding Ceed an amount equal to each of Defendants' profits attributable to Defendants' copyright infringement to the extent not duplicative of actual damages;

d.  In the alternative, an award of statutory damages for Defendants' copyright infringement under 17 U.S.C. § 504(c)(1)–(2), including up to $150,000 per work in the case of willful infringement (or up to $30,000 per work absent a finding of willfulness, and not less than $750 per work), together with attorneys' fees and costs in the Court's discretion;

e.  An order awarding Ceed its costs and attorneys' fees pursuant to 17 U.S.C. § 505, or other applicable law;

f.  An order for an accounting to measure damages and prevent duplication, including gains, profits, cost savings, and advantages attributable to the infringement;

g.  An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of Ceed's copyrights;

00108315

h.    A declaratory judgment affirming Ceed Civil Engineering, LLC's

ownership of the subject matter of Ceed's Copyrights;

i.    Any other damages permitted under the Copyright Act;

j.    Prejudgment and post-judgment interest at the maximum rate

permitted under the law; and

k.    All such further and additional relief, in law or equity, to which Ceed

may be entitled or which the Court deems just and proper.

Dated: November 25, 2025                     Respectfully submitted,

CEED CIVIL ENGINEERING LLC

By Counsel

_____*/s/ Michael P. Fortkort*_____
Michael P. Fortkort (VSB No. 36858)
**PROTORAE LAW PLLC**
1919 Gallows Road, Suite 630
Tysons Corner, Virginia 22182
Tel.: 703-942-6147
mfortkort@protoraelaw.com
*Counsel for Ceed Civil Engineering LLC*